UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) <br> ) <br> ) |
| v. | ) Criminal No. 1:19-cr-10117-IT <br> ) |
| ROBERT FLAXMAN | ) <br> ) |
| Defendant. | ) <br> ) |

## ASSENTED-TO MOTION FOR LEAVE TO FILE UNDER SEAL PORTIONS OF THE SENTENCING MEMORANDUM AND CERTAIN EXHIBITS

Pursuant to Local Rule 7.2 for the U.S. District Court for the District of Massachusetts, Robert Flaxman respectfully moves for permission to file under seal portions of his Sentencing Memorandum and certain supporting exhibits. Counsel for the government has informed undersigned counsel that it assents to this motion.

These documents contain highly sensitive information, including private medical information, confidential business information, and sensitive personal information concerning Mr. Flaxman, his ex-wife, his two children, and a limited number of people who have submitted letters in support of Mr. Flaxman. Mr. Flaxman requests that this information remain sealed until further order of the Court.

Local Rule 7.2 permits a party to file a motion to seal or impound certain materials. If the moving party files a statement supported by good cause, the Court may seal the material until further order. *See* Local Rule 7.2(a). In evaluating whether to seal judicial records, courts weigh the public's presumptive right of access to judicial records with any "[i]mportant countervailing interests" that can "overwhelm the usual presumption and defeat access." *See United States. v.*

*Kravetz*, 706 F.3d 47, 59 (1st Cir. 2013) (quoting *Siedle v. Putnam Invs., Inc.*, 147 F.3d 7, 10 (1st Cir. 1998)).

The privacy rights of defendants and third parties constitute significant countervailing interests that can overcome the presumption of access. *Id.* at 62 (citing *FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 411 (1st Cir. 1987)); *In re Boston Herald*, *Inc.,* 321 F.3d 174, 190 (1st Cir. 2003). Courts analyzing whether privacy interests overcome the presumption of access "consider the degree to which the subject matter is traditionally considered private rather than public." *Id.* If the information at issue implicates traditionally private subjects, such as "family affairs, illnesses, embarrassing conduct with no public ramifications," and similar conduct, privacy interests will "weigh more heavily against access." *Id.* (quoting *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995)).

Medical information is "universally assumed to be private, not public." *Id.* at 63 (quoting *In re Boston Herald*, 321 F.3d at 190); *see also United States v. Kravetz*, 948 F. Supp. 2d 89, 93 (D. Mass. 2013) (ordering portions of defendant's sentencing memorandum and attached letters discussing the defendant's and third parties' medical history redacted). The proposed information to be sealed here represents specific instances where the privacy interests of Mr. Flaxman and third parties in their medical histories clearly outweigh the presumption of public access.

Similarly, third-party privacy interests are "a venerable common law exception to the presumption of access" that "weigh heavily in a court's balancing equation." *Kravetz*, 706 F.3d at 62 (quoting *Amodeo*, 71 F.3d at 1050-51). Out of the many letters Mr. Flaxman is submitting that are being publicly filed, certain of Mr. Flaxman friends, family members and former associates submitted letters of support to the Court containing sensitive information about themselves or others. As these letters involve information "traditionally considered private," the

privacy rights of these third parties strongly favor sealing. *Id.*; *cf.* FED. R. CRIM. P. 49.1(a) (reflecting concern for privacy by requiring redaction of certain information such as minors' names in criminal filings). Disclosure of this information would gravely harm the privacy interests of third parties by making public deeply personal information regarding their health and families.

## CONCLUSION

The documents that Mr. Flaxman moves to seal or redact include highly sensitive information that, if disclosed, would cause severe injury to the privacy interests of Mr. Flaxman and third parties. WHEREFORE, Mr. Flaxman respectfully requests that the Court grant its motion to file under seal portions of his Sentencing Memorandum and supporting exhibits.

Dated: May 8, 2019                  Respectfully submitted,

ROBERT FLAXMAN

*/s/ William Weinreb*
William D. Weinreb (BBO No. 557826)
Michael Packard (BBO No. 676934)
Quinn, Emanuel, Urquhart & Sullivan
111 Huntington Ave
Boston MA 02219

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served by ECF on counsel for the Government on October 9, 2019.

/s/ William Weinreb
William D. Weinreb